# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1249V
UNPUBLISHED

| | |
|---|---|
| KAREN BARRERA, | Chief Special Master Corcoran |
| Petitioner, | Filed: September 12, 2022 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Findings of Fact; Site of Vaccination Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*Jessi Carin Huff*, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.

*Naseem Kourosh*, U.S. Department of Justice, Washington, DC, for Respondent.

## FINDINGS OF FACT[1]

On April 19, 2021, Karen Barrera filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*.[2] (the "Vaccine Act"). Petitioner alleges that she suffered a right shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Table, after receiving an influenza ("flu") vaccine on September 14, 2020. Petition at 1, ¶¶ 1, 5, 12-13.

For the reasons discussed below, I find the flu vaccine Petitioner received was most likely administered in her right deltoid, as alleged.

---

[1] Because this unpublished Fact Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Fact Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

### I.     Relevant Procedural History

During the six months after the initiation of this action, Ms. Barrera filed the signed declaration[3] and medical records required under the Vaccine Act. Exhibits 1-14, ECF Nos. 6, 9-10; *see* Section 11(c). On October 19, 2021, the case was activated and assigned to the Special Processing Unit (OSM's process for attempting to resolve certain, likely-to-settle claims). ECF No. 11.

On February 24, 2022, Petitioner was ordered to file additional medical records, workers' compensation documentation, and "[a] vaccination record that reflects the injection site or other evidence to support Petitioner's allegation that she received the flu vaccine in her right shoulder." Order at 1, ECF No. 21. In response, on May 25, 2022, she filed her workers' compensation documentation and a status report indicating there were no outstanding records – including a vaccine record indicating site of vaccination. Exhibits 17-19, ECF No. 22; Status Report at 1; ECF No. 23.

In response to an email inquiry from court personnel, Petitioner indicated that she wished to brief the situs issue. *See* Informal Remark, dated Aug. 8, 2022. She filed her brief on August 22, 2022. Memorandum of Law in Support of a Finding of Fact Regarding Injection Site ("Brief") ECF No. 25.[4] On August 24, 2022, Respondent indicated by email correspondence that he did not wish to file a responsive brief. *See* Informal Remark, dated Aug. 25, 2022.

The matter is now ripe for adjudication.

### II.    Issue

At issue is whether Petitioner received the vaccination alleged as causal in her injured *right* deltoid, as alleged.

### III.   Authority

Pursuant to Vaccine Act Section 13(a)(1)(A), a petitioner must prove, by a preponderance of the evidence, the matters required in the petition by Vaccine Act Section 11(c)(1). A special master must consider, but is not bound by, any diagnosis,

---

[3] Petitioner's declaration is signed under penalty of perjury as required by 28 U.S.C.A. § 1746. Exhibit 2.

[4] Several of the citations in this brief were incorrect. For example, regarding her September 16, 2020 visit to the medical clinic handling her workers' compensation claim – Medical Centers Nova, Petitioner cites the record from her December 10, 2020 visit instead. Brief at 4 (citing Exhibit 4 at 21).

conclusion, judgment, test result, report, or summary concerning the nature, causation, and aggravation of petitioner's injury or illness that is contained in a medical record. Section 13(b)(1). "Medical records, in general, warrant consideration as trustworthy evidence. The records contain information supplied to or by health professionals to facilitate diagnosis and treatment of medical conditions. With proper treatment hanging in the balance, accuracy has an extra premium. These records are also generally contemporaneous to the medical events." *Cucuras v. Sec'y of Health & Hum. Servs.*, 993 F.2d 1525, 1528 (Fed. Cir. 1993).

Accordingly, where medical records are clear, consistent, and complete, they should be afforded substantial weight. *Lowrie v. Sec'y of Health & Hum. Servs.*, No. 03-1585V, 2005 WL 6117475, at *20 (Fed. Cl. Spec. Mstr. Dec. 12, 2005). However, this rule does not always apply. "Written records which are, themselves, inconsistent, should be accorded less deference than those which are internally consistent." *Murphy v. Sec'y of Health & Hum. Servs.*, No. 90-882V, 1991 WL 74931, *4 (Fed. Cl. Spec. Mstr. April 25, 1991), quoted with approval in decision denying review, 23 Cl. Ct. 726, 733 (1991), *aff'd per curiam*, 968 F.2d 1226 (Fed.Cir.1992)). And the Federal Circuit recently "reject[ed] as incorrect the presumption that medical records are accurate and complete as to all the patient's physical conditions." *Kirby v. Sec'y of Health & Hum. Servs.*, 997 F.3d 1378, 1383 (Fed. Cir. 2021).

The United States Court of Federal Claims has outlined four possible explanations for inconsistencies between contemporaneously created medical records and later testimony: (1) a person's failure to recount to the medical professional everything that happened during the relevant time period; (2) the medical professional's failure to document everything reported to her or him; (3) a person's faulty recollection of the events when presenting testimony; or (4) a person's purposeful recounting of symptoms that did not exist. *La Londe v. Sec'y of Health & Hum. Servs.*, 110 Fed. Cl. 184, 203-04 (2013), *aff'd*, 746 F.3d 1335 (Fed. Cir. 2014).

The Court has also said that medical records may be outweighed by testimony that is given later in time that is "consistent, clear, cogent, and compelling." *Camery v. Sec'y of Health & Hum. Servs.*, 42 Fed. Cl. 381, 391 (1998) (citing *Blutstein v. Sec'y of Health & Hum. Servs.*, No. 90-2808, 1998 WL 408611, at *5 (Fed. Cl. Spec. Mstr. June 30, 1998). The credibility of the individual offering such fact testimony must also be determined. *Andreu v. Sec'y of Health & Hum. Servs.*, 569 F.3d 1367, 1379 (Fed. Cir. 2009); *Bradley v. Sec'y of Health & Hum. Servs.*, 991 F.2d 1570, 1575 (Fed. Cir. 1993).

A special master may find that the first symptom or manifestation of onset of an injury occurred "within the time period described in the Vaccine Injury Table even though

the occurrence of such symptom or manifestation was not recorded or was incorrectly recorded as having occurred outside such period." Section 13(b)(2). "Such a finding may be made only upon demonstration by a preponderance of the evidence that the onset [of the injury] . . . did in fact occur within the time period described in the Vaccine Injury Table." *Id.*

The special master is obligated to fully consider and compare the medical records, testimony, and all other "relevant and reliable evidence contained in the record." *La Londe*, 110 Fed. Cl. at 204 (citing Section 12(d)(3); Vaccine Rule 8); *see also Burns v. Sec'y of Health & Hum. Servs.*, 3 F.3d 415, 417 (Fed. Cir. 1993) (holding that it is within the special master's discretion to determine whether to afford greater weight to medical records or to other evidence, such as oral testimony surrounding the events in question that was given at a later date, provided that such determination is rational).

### IV. Finding of Fact

I make these findings after a complete review of the record, which includes all medical records, affidavits or signed declarations, and additional evidence filed. Specifically, I highlight the following:

- On September 14, 2020, Petitioner received the flu vaccine alleged as causal at her place of employment – Knapp Medical Center. Exhibit 1 at 1. The vaccine record provides the date, type, lot number, expiration date, and signature of individual administering it. The record does not identify the site of vaccination, however, and neither option of right or left deltoid is circled. *Id.*

- Two days post-vaccination, on September 16th, Petitioner visited the medical center handling her workers' compensation claim – Medical Centers Nova, complaining of a new injury – right shoulder pain following her vaccination. Exhibit 4 at 44. Reporting it at a level of eight out of ten, she described her pain as immediate with limited movement and "sharp tingling sensations." *Id.*

- This same description of right shoulder pain following receipt of the flu vaccine on September 14th, is repeated in Medical Centers Nova records from September 2020 through February 2021. Exhibit 4 at 41, 37, 33, 29, 25, 21, 17, 13, 9 (in chronological order). Throughout these medical records, Petitioner's condition is identified as a SIRVA injury. *Id.* at 8-10, 12-14, 16-17, 20-22, 25, 46.

4

- On September 23, 2020, Petitioner began PT. Exhibit 3 at 229. At her initial evaluation, Petitioner described severe shoulder pain and loss of function immediately upon receiving her flu vaccine on September 14, 2020. *Id.*

The above medical entries show that, when seeking treatment for her right shoulder pain, Petitioner consistently attributed her pain to a vaccination she reported receiving in her right arm. While originating from Petitioner, these statements are memorialized in contemporaneous records, and should therefore be afforded greater weight than any subsequent assertion or witness statement. The Federal Circuit has stated that "[m]edical records, in general, warrant consideration as trustworthy evidence . . . [as they] contain information supplied <u>to</u> or by health professionals to facilitate diagnosis and treatment of medical conditions." *Cucuras*, 993 F.2d at 1528 (emphasis added). Thus, and even though the record in question simply memorializes what the petitioner said at the time, its contemporaneous nature makes it somewhat more trustworthy than after-the-fact witness statements prepared in connection with this matter.

The vaccine record clearly establishes that Petitioner received a flu vaccine on September 14, 2020, but is silent as to the site of administration. Not long thereafter, however, when seeking medical care for her right shoulder pain, Petitioner consistently attributed the source of her pain to the flu vaccine. There is a dearth of evidence that the vaccine was administered in any other location. I thus determine, based on the record as a whole, that preponderant evidence establishes that the flu vaccine to which Petitioner attributes her SIRVA was most likely administered in her right deltoid on September 14, 2020.

### V. Scheduling Order

I expect the HHS review in this case to be completed in late 2022. While awaiting the review, Petitioner should finalize a demand and should convey the demand, along with any supporting documentation, to Respondent.

**Petitioner shall file any updated medical records and a status report regarding her demand, supporting documentation, and current condition by no later than <u>Friday, October 14, 2022</u>.**

**Respondent shall file a status report providing his tentative position regarding the merits of Petitioner's claim or, at a minimum, an updated estimate of the timing of the HHS review and assessment of the completeness of the**

**supporting documentation for any conveyed demand by no later than <u>Friday, October 28, 2022</u>.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master